**Eladio CRISPEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–85–0054–CR.**

Court of Appeals of Texas,
Tyler.

Jan. 9, 1986.
Rehearing Denied Feb. 13, 1986.

John Allison, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Dallas, for appellee.

COLLEY, Justice.

Eladio (Larry) Crispen was convicted by a jury of aggravated sexual assault on a six-year-old female child. Punishment was assessed by the trial judge at life imprisonment. Crispen seeks reversal on two grounds of error: (1) that the trial court erred in permitting state's witness Dr.[1] Bhanumathi Ivatury, an employee of the Texas Department of Human Resources, "to bolster the unimpeached testimony of the complainant presented on videotape over [his] timely objection"; and (2) that "[t]he evidence is insufficient to sustain the conviction because of a fatal variance between the allegations contained in the indictment and the proof [at trial]." We affirm.

■ The record shows that Dr. Ivatury interviewed the complainant in her office concerning the alleged conduct of Crispen. The interview was recorded on a visual-aural videotape. The tape was played back to the jury[2] at trial without objection. The testimony of Dr. Ivatury in question is as follows:

MR. MacTAGGART: Yes, sir. Just a minute. Doctor, one final thing, now on this videotape, it might be difficult to see this but when you're present during the interview did she indicate that her vagina might have been penetrated by Crispen's finger?

THE WITNESS: Would you please repeat the question?

Q. (By Mr. MacTaggart) All right. Did she indicate—did she show you that Eladio Crispen penetrated her vagina with his finger?

MR. GLENN: Excuse me, I object— my objection here is that the evidence speaks for itself and if there's any question about what Becky had said, the tape speaks best and this is bolstering and self-serving.

THE COURT: I will overrule the objection as to what was told.

Q. (By Mr. MacTaggart) All right. Did she do that?

A. Yes, sir.

Clearly, Ivatury's testimony represented her own interpretation of the complainant's gesticulations with the doll used in the interview to show Crispen's specific conduct of inserting his finger in complainant's vagina. We have reviewed the tape and conclude that the child indicates that Crispen did in fact perform the act of inserting his finger into her vagina. Moreover, Angela Vela, complainant's mother, testified without objection that complainant told her that Crispen had in fact penetrated her vagina with his finger. Assuming *arguendo* that Ivatury's testimony was improper bolstering of complainant's taped testimony, and that the objection thereto was erroneously overruled, no reversible error is shown since the same facts were testified to by Angela Vela. *Crocker v. State*, 573 S.W.2d 190, 201 (Tex.Cr.App. 1978). The first ground of error is overruled.

■ The indictment against Crispen alleges that the child victim's surname is Vela. The surname is spelled Velva by the court reporter in his transcription of the testimony. No witness spelled the child's

1. Ph.D. in Social Work including studies in child welfare and psychology.

2. Pursuant to Tex.Code Crim.Proc.Ann. art. 38.-071 (Vernon Supp.1985).

surname at trial. Crispen himself however introduced into evidence the fourth page of a six-page medical report of a physical examination of complainant made by a doctor at Parkland Hospital. This exhibit bore complainant's full name. The last name was spelled Vela. Crispen testified at trial in his own defense and identified the child, Becky, as being Rebecca or Becky, the daughter of Angela, his former paramour. Crispen did not move for an instructed verdict following the close of the evidence at the guilt-innocence stage of the trial based on the variance between the allegation of the indictment naming the victim as Rebecca Vela and the proof presented. He made no objection to the charge which identifies the victim of the assault as Rebecca Vela. We have concluded on the evidence before us that the court reporter has simply misspelled complainant's surname by recording it in the statement of facts as Velva instead of Vela. The medical report introduced by Crispen, standing alone, is sufficient proof of the correct spelling of complainant's surname. The ground is overruled.

The judgment is affirmed.